JEANETTE HEMMINDINGER, PLAINTIFF-RESPONDENT, v. LOUIS GITTER ET AL., DEFENDANTS-APPELLANTS.

Submitted October term, 1929—Decided December 13, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff-respondent, *Harry Kaplan* and *Michael G. Alenick*.

For the defendants-appellants, *Aaron Levinstone* and *Arthur R. Lewis*.

PER CURIAM.

This suit was commenced in the Second District Court of the city of Newark to recover $500 damages caused by alterations to premises No. 29½ Springfield avenue, Newark, New Jersey. The suit is by a plaintiff, the landlord, against the defendants as tenants, under a written lease dated May 28th, 1925, which provides that the defendants "will not relet or underlet the whole or any part of said premises, nor assign this lease," &c. * * * "and further agree to keep the premises in as good repair as the same shall be at the commencement of the term, wear and tear arising from a reasonable use of the same and damages by the elements excepted." The defendants sublet the premises in violation of the terms

of the lease to one Chris Karafel, a subtenant, who did the damages by alterations to the premises sued for. The action is styled in tort. The case was tried by the court without a jury, resulting in a judgment for the plaintiff for $350, less $100 deposited as security on the lease set up in the counter-claim. We think this judgment should be affirmed, but not on the ground that Chris Karafel, the subtenant, was the agent of the defendants and acted within the apparent scope of his authority, because, there is authority for the position that if the sublease contains the same restrictions as the original lease and this is violated by the subtenant, the first lessee is not liable on the covenant. But the first lessee is liable in contract, the injury grows out of the unlawful act by the first lessee in subletting the premises in violation of the terms of the lease, *i. e.*, for a breach of the agreement not to sublet. 36 *Corp. Jur.* 93, § 726. See 16 *R. C. L.* 879, § 384; *Ibid.* 882, § 387. Under section 68 of the District Court act (2 *Comp. Stat., p.* 1977) the practice of the Circuit Courts is to apply to the District Courts. Under this section the action can be changed to one in contract. Then, the judgment of the Second District Court of Newark will be affirmed, and it is therefore affirmed, with costs.